PROB 12C
(6/16)

Report Date: October 15, 2020

# United States District Court

### for the

### Eastern District of Washington

### Petition for Warrant or Summons for Offender Under Supervision

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 15, 2020

SEAN F. McAVOY, CLERK

Name of Offender: Shafer Hepburn                     Case Number: 0980 2:17CR00241-RMP-1

Address of Offender:                                  Spokane, Washington 99202

Name of Sentencing Judicial Officer:  The Honorable Virginia M. Covington-Hernandez, U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Rosanna Malouf Peterson, U.S. District Judge

Date of Original Sentence: June 22, 2010

| | | |
|---|---|---|
| Original Offense: | Distribute and Possess with Intent to Distribute Cocaine Base, 21 U.S.C. § 841(a)(1), (b)(1)(C) <br> Felon in Possession of a Firearm, 18 U.S.C. §922(g)(1) | |
| Original Sentence: | Prison - 168 months <br> TSR - 72 months | Type of Supervision: Supervised Release |
| Amended Sentence: <br> June 22, 2011 | Prison - 120 months <br> TSR  - 72 months | |
| Asst. U.S. Attorney: | U.S. Attorney's Office | Date Supervision Commenced: November 17, 2017 |
| Defense Attorney: | Federal Defender's Office | Date Supervision Expires: November 16, 2023 |

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #2:** : The defendant shall not commit another federal, state, or local crime.  Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year.  The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a control substance. |
| | **Supporting Evidence**: It is alleged that Mr. Hepburn violated the conditions of his supervised release on October 13, 2020, as he used a deception device in order to defeat his urinalysis test.  In addition, his attempt to provide a urine sample was considered a stall. |
| | On November 17, 2017, the undersigned officer reviewed Mr. Hepburn's conditions of supervision with him.  He signed his judgment acknowledging an understanding of his conditions of supervision. |

Prob12C
**Re: Hepburn, Shafer**
**October 15, 2020**
**Page 2**

On October 13, 2020, Mr. Hepburn reported to Pioneer Human Services (PHS) to submit to random urinalysis testing, as his assigned color for urinalysis testing was called. The following incident report was provided to this officer from PHS staff:

"Mr. Hepburn entered the restroom with technician to provide urine sample. Mr. Hepburn began to provide urine sample claiming that he was going to be positive for marijuana and he asked the technician to be "cool about it." The technician observed him holding a small vial of liquid which he was squirting into the cup. The technician asked what he had used to put in the specimen cup and Mr. Hepburn said "nothing." The technician then confronted Mr. Hepburn, pointing to the bottle in his pocket. Mr. Hepburn then began to beg the technician "to just let it slide." Mr. Hepburn then blocked the door and refused to move as the technician tried to escape. Mr. Hepburn finally moved when the technician began to verbally yell at Mr. Hepburn to get out of the way. He was notified that his attempt to provide a sample would be considered a stall. Mr. Hepburn continued to attempt to intimidate the technician telling him "to let it slide and be cool about the whole thing.""

2    **Mandatory Condition #2:** : The defendant shall not commit another federal, state, or local crime. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year. The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a control substance.

**Supporting Evidence**: It is alleged that Mr. Hepburn violated his conditions of supervised release on October 13, 2020, by using marijuana.

On November 17, 2017, the undersigned officer reviewed Mr. Hepburn's conditions of supervision with him. He signed his judgment acknowledging an understanding of his conditions of supervision.

On October 13, 2020, Mr. Hepburn reported to PHS to submit to random urinalysis testing, as his assigned color for urinalysis testing was called. As referenced in violation number 1, when Mr. Hepburn attempted to provide a urine sample, he told PHS staff that his urine sample would be positive for marijuana. A urinalysis test was never collected, as Mr. Hepburn attempted to use a deception device. He then exhibited concerning behavior to PHS staff by refusing to allow the technician to exit the restroom, which terminated the urinalysis collection.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    10/15/2020

s/Corey M. McCain

Corey M. McCain
U.S. Probation Officer

Prob12C
**Re: Hepburn, Shafer**
**October 15, 2020**
**Page 3**

THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[X]  The Issuance of a Summons
[ ]  Other

_____
Signature of Judicial Officer

10/15/2020
Date